M. H. ANDREWS, TRUSTEE, v. D. F. DUN ET AL.

Delivered December 12, 1896.

**Release of Mortgage Lien—Right of Attaching Creditor.**

Where the mortgagee of a crop of cotton agreed with the debtor to release him upon a part of the cotton for the debtor's benefit, he could not afterwards assert the lien upon such released part against an attaching creditor of the common debtor, there being sufficient cotton still remaining to satisfy the mortgage debt.

APPEAL from the County Court of Grayson. Tried below before Hon. J. H. Wood.

*Leslie & McReynolds*, for appellant.

[No brief for appellees reached the Reporter.]

FINLEY, ASSOCIATE JUSTICE.—This is a contest between a mortgage lienholder and an attaching creditor, over three bales of cotton belonging to the common debtor. The mortgage was executed by the debtor upon the crop of cotton to be raised upon a certain farm of thirty-five acres. There were raised upon said farm twenty-one bales of cotton. Twelve bales of the cotton were gathered and were disposed of by application to the mortgage debt, reducing it down to the sum of $50. The mortgagee then agreed with the mortgagor that he might appropriate a sufficient amount of the cotton to meet the expenses of picking, buy supplies for his family, etc. After three bales were gathered, Grigsby, the unsecured creditor, brought suit upon his debt, sued out an attachment, and caused the three bales to be seized under the writ. The mortgagee then brought suit to foreclose his mortgage and to restrain the sale of the three bales attached. It was shown that there was much more than sufficient cotton left after the attachment of the three bales to pay the balance of the mortgage debt. Under this state of facts, the court below properly held that there was no proper basis for an injunction.

The mortgagee holding a lien upon the property largely in excess in value of the amount of his debt secured, cannot release his lien on a portion of the property for the benefit of a debtor, and when it is seized by an unsecured creditor assert his mortgage lien upon such property. He cannot manage his mortgage lien so as to enable the debtor to appropriate the property, or a portion of it, while he holds off other creditors by the assertion of his mortgage lien against them.

When he consented that the mortgagor might appropriate the cotton to his own use, it became subject to attachment in favor of Grigsby, the unsecured creditor.

The judgment of the court below in favor of Grigsby was correct, and is affirmed.

This case is a county court case, and it is not our custom to write opinions when we affirm judgments in such cases; but counsel have specially requested us to do so in this case, and as we see from the request that they misapprehend the ground upon which we base our decision, we have thought proper to put our views in writing.

*Affirmed.*